UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA**

v.  CRIMINAL ACTION NO. 2:19cr78

**KELLY MILTIER,**

Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Defendant's Objection to the PSR ("Objection"), in which the Defendant objects to the failure to award a two-level reduction in his Guidelines offense level under U.S.S.G. § 2G2.2(b)(1). ECF No. 23. For the reasons stated herein, the Defendant's Objection is **OVERRULED**.

### I. PROCEDURAL HISTORY

On May 22, 2019, an Indictment was filed, charging the Defendant with five counts of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and six counts of Possession of Material Containing Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). ECF No. 1. The Defendant pled guilty to all eleven counts on June 27, 2019, and a sentencing hearing was scheduled for October 1, 2019. ECF No. 15.

A presentence investigation report ("PSR") was filed on August 19, 2019, and revised on September 19, 2019. ECF Nos. 19, 20. The PSR assigned a base offense level of 22 under U.S.S.G. § 2G2.2(a)(2), and included various enhancements for specific

offense characteristics under § 2G2.2. PSR at ¶¶ 17-21, ECF No. 20. The PSR did not include any reductions for specific offense characteristics under § 2G2.2.

The Defendant filed his Objection on September 24, 2019. ECF No. 23. At the sentencing hearing, the court heard argument from Defense counsel and the Government on the Objection, ordered supplemental briefing on the issue, and ordered that sentencing be resumed after the briefing was completed and the Objection was resolved. On October 8, 2019, the Defendant and the Government filed their supplemental briefs on the Objection. ECF Nos. 26, 27. The matter is ripe for review.

## II. FACTUAL BACKGROUND

According to the agreed Statement of Facts, in 2018, investigators from the Federal Bureau of Investigation ("FBI"), using the BitTorrent network, downloaded images containing child pornography from a particular IP address. Statement of Facts at ¶ 1, ECF No. 16. BitTorrent is a peer-to-peer file-sharing protocol through which users both download files and share files with other users. Id.; see Columbia Pictures Indus., Inc. v. Fung, 710 F.3d 1020, 1024 (9th Cir. 2013). Investigators determined that the IP address was associated with an individual named "D.K.". Statement of Facts at ¶ 2. Officers obtained and executed a search warrant on D.K.'s residence. Id. During the search, the Defendant, who was also living at the residence, admitted that he had been

downloading and collecting child pornography at the residence. Id. at ¶ 3. Investigators found child pornography on two laptop computers, a cellphone, and three external hard drives associated with the Defendant. Id. at ¶ 5. Although other internet users were able to access the Defendant's files through BitTorrent, he told investigators that he had not intended to share any child pornography files. Id. at ¶ 3.

### III. APPLICABLE GUIDELINES PROVISION

The Defendant objects to the PSR's failure to reduce his offense level by two levels under U.S.S.G. § 2G2.2(b)(1). That section reads:

> If (A) subsection (a)(2) applies;[1] (B) the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and (C) the defendant did not intend to traffic in, or distribute, such material, decrease by 2 levels.

The Government does not dispute that elements (A) and (C) are met in this case: The Defendant pled guilty to five counts under 18 U.S.C. § 2252A(a)(2)(A), and his comment to investigators that he did not intend to share child pornography is not contested by the Government. See Gov. Supp. Br. at 3, ECF No. 26; Objection at 1. The sole issue is whether element (B)—"the defendant's

---

[1] Subsection 2G2.2(a)(2) applies an elevated base offense level of 22 if the Defendant was convicted of an offense other than 18 U.S.C. §§ 1466A(b), 2252(a)(4), 2252A(a)(5), or 2252A(a)(7).

conduct was limited to the receipt or solicitation" of child pornography—also applies.

## IV. ANALYSIS

The Defendant's Objection concerns the PSR's finding that he distributed child pornography over BitTorrent and its resulting denial of the § 2G2.2(b)(1) reduction. The Objection argues that the court may only consider such distribution, if the Defendant <u>knew</u> he was distributing child pornography, and asserts that the Defendant "did not know that his computer was making these files available for download." Objection at 1. The Objection states he should receive the reduction because his conduct was otherwise "limited to the receipt or solicitation" of child pornography. <u>Id.</u>; U.S.S.G. § 2G2.2(b)(1). The Defendant primarily raises three points in arguing for this position: a rule, found in <u>United States v. Dove</u>, 247 F.3d 152, 155 (4th Cir. 2001), that relevant conduct under the Guidelines must be criminal conduct; a comparison with an analogous Guidelines provision at § 2G2.2(b)(3)(F); and the Sentencing Commission's commentary around U.S.S.G. § 2G2.2.[2]

---

[2] The Defendant also cites several cases from the Alexandria Division of this court, in which the defendants used peer-to-peer file-sharing programs but were awarded the § 2G2.2(b)(1) reduction. <u>See</u> Def. Supp. Br. at 1-3, ECF No. 27. The sentencing decisions in those cases were not published, and the Defendant does not cite to any statement of reasons explaining why the courts awarded the reduction, whether based on agreed facts, judicial findings, a plea agreement, or otherwise. Moreover, the Probation Office and Government both agreed in those cases that the reduction should apply. As such, the court does not find the cases to be

4

For the reasons stated below, this court finds that the Defendant is not entitled to receive the § 2G2.2(b)(1) reduction, and finds the Defendant's arguments to the contrary unconvincing.

### A. Plain Text of § 2G2.2(b)(1)

Significantly, the Defendant's reading contradicts the plain text of prong (B), of the § 2G2.2(b)(1) reduction as a whole, and of the Guidelines definition of relevant conduct at § 1B1.3.

On its face, prong (B) does not have a "knowingly" requirement, or any mental state requirement at all, and simply requires that "the defendant's <u>conduct</u> was limited to the receipt or solicitation of material involving the sexual exploitation of a minor." U.S.S.G. § 2G2.2(b)(1)(B) (emphasis added). This was likely an intentional drafting choice by the Sentencing Commission, because the next element, (C), does contain a mental state requirement. See U.S.S.G. § 2G2.2(b)(1)(C) (requiring that "the defendant did not intend to traffic in, or distribute, such material"). Thus, the Defendant's reading of § 2G2.2(b)(1) not only would insert an unwritten knowledge requirement into prong (B), which is best read as a conduct element, but also would unnaturally impose two different mental states on the reduction as a whole, namely, that the defendant lacked intent to distribute as stated in prong (C) and lacked knowledge of any actual distribution

---

instructive or binding here.

5

under prong (B).[3]

The text of § 1B1.3, which defines "relevant conduct," further confirms that the court may consider sharing of images over BitTorrent in evaluating the § 2G2.2(b)(1) reduction. Section 1B1.3 defines relevant conduct as "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction." In this case, the offense of conviction included the Defendant's receipt and possession of child pornography on his computer, which occurred while a BitTorrent program was installed. This manner of receipt and possession enabled other BitTorrent users to download child pornography from the Defendant's computer, and those downloads occurred simultaneously with the Defendant's possession of the pornographic material. The sharing that occurred was not a separate act, but rather was part and parcel of the receipt and possession of child pornography that constitutes the offense of conviction under § 1B1.3.[4] See United States v. Jones, 634 F.3d 909, 917 (7th

---

[3] The court also notes that the definition of "distribution" under this Guideline does not include a knowledge requirement, see U.S.S.G. § 2G2.2, cmt. n.1, further indicating that the Sentencing Commission did not intend for distribution under § 2G2.2(b)(1)(B) to incorporate a knowledge element.

[4] Even if the court were to view the sharing over BitTorrent as a separate act from the possession, it would still be relevant conduct under § 1B1.3. The act of running BitTorrent on the same computer on which he possessed child pornography — or the omission of failing to turn off the file-sharing function — "occurred during the commission of the offense of conviction." See U.S.S.G. § 1B1.3.

Cir. 2011) (stating that Chapter Two specific offense characteristics "do not represent separate crimes" but rather reflect the "manner" in which the crime of conviction was committed).

### B. Inapplicability of United States v. Dove

The Defendant argues that Dove qualifies the otherwise plain text of §§ 2G2.2(b)(1) and 1B1.3.[5] Dove established the rule that courts may consider only criminal conduct as relevant conduct under the Guidelines. Dove, 247 F.3d at 155. Because the criminal statute that covers distribution of child pornography, 18 U.S.C. § 2252A(a)(2), criminalizes knowing distribution, the Defendant argues that the court may not consider any unknowing distribution that occurred using BitTorrent. Objection at 3. The Defendant also points to an unpublished Third Circuit case, United States v. Dura, which applied the Dove rule in the child pornography context. 701 F. App'x 125 (3d Cir. 2017). In that case, the court ruled that a defendant cannot be disqualified from the § 2G2.2(b)(1) reduction for posting nonpornographic, and thus noncriminal, pictures of children online. Id. at 128.

The Dove rule does not support the Defendant's position in the way he claims, and a comparison of the facts of the Defendant's

---

[5] The plain text reading of a Guidelines provision can "be overcome by other indicia of meaning." Lockhart v. United States, 136 S. Ct. 958, 963 (2016).

case with the facts of Dove and related cases illustrates why. In Dove, the defendant was convicted in federal court of selling bear gall bladders in Virginia, in violation of 16 U.S.C. § 3372(a)(2)(A). Dove, 247 F.3d at 154. Such sales were only criminal under § 3373(a)(2)(A), if they were made in violation of state law; but at sentencing, the court also considered sales made in West Virginia, where it was legal. Id. at 155. The Fourth Circuit ruled that the West Virginia sales could not be considered relevant conduct under the Guidelines because they did not constitute criminal conduct. Id. at 159-60. Similarly, the cases the Dove court cites also involved the question of whether to include in the Guidelines calculations incidents that were separate from the offense of conviction and that did not involve criminal conduct. See United States v. Dickler, 64 F.3d 818, 830 (3d Cir. 1995) (finding that the sentencing court erred in considering fictitious bids that were submitted before the statute outlawing such conduct took effect); United States v. Peterson, 101 F.3d 375, 385 (5th Cir. 1996) (finding that the sentencing court could not consider losses attributed to a violation of a fiduciary agreement that had not been determined to be criminal). Likewise, Dura, discussed above, involved whether to consider distribution of nonpornographic, and thus noncriminal, images of children. 701 F. App'x at 128.

These cases considered whether the sentencing court may, in calculating the Guidelines, consider noncriminal transactions, which involved separate conduct from the conduct underlying the defendant's conviction and were committed at different times. Here, the Defendant's file-sharing of child pornography over BitTorrent was part of the same criminal transaction that constituted his possession and receipt of it. In denying the benefit of this reduction, the court need not consider additional instances of conduct that are not illegal, as the sentencing courts did in <u>Dove</u>, <u>Dickler</u>, <u>Peterson</u>, and <u>Dura</u>. Instead, the court need only take into account the manner in which the Defendant committed the offenses of receipt and possession of child pornography, i.e., on a computer with a BitTorrent program installed that then enabled sharing of such files with other individuals on the BitTorrent network. No particular mitigating factor is thus present here that would qualify for the § 2G2.2(b)(1) reduction.[6]

---

[6] The Defendant presents an odd argument to the effect that, as a general principle, a sentencing court must award a Guidelines reduction for a mitigating factor, unless the court can point to separate criminal conduct. <u>See</u> Def. Obj. at 3 ("[T]he conduct the government relies upon to deny Mr. Miltier the reduction is not criminal conduct. Therefore, the Court should award the two-level reduction."). This position not only goes beyond <u>Dove</u> but also contradicts federal sentencing practice. Defendants are routinely not awarded or disqualified from reductions on the basis of noncriminal conduct. Section 2D1.1(b)(17), for example, reduces the base offense level for certain drug offenses, if the defendant had minimal knowledge of the scope and structure of the drug enterprise. A defendant that had more-than-minimal knowledge of the drug enterprise would be excluded from the reduction, even

## C. Application of § 2G2.2(b)(3)(F)

By way of analogy, the Defendant also points to a separate Guidelines provision, § 2G2.2(b)(3)(F), and its interpretation by the Fourth Circuit in United States v. Layton, 564 F.3d 330 (2009). Section 2G2.2(b)(3)(F) provided a three-level enhancement "[i]f the offense involved . . . distribution other than distribution described in subdivisions (A) through (E)." U.S.S.G. § 2G2.2(b)(3)(F) (2009). Layton stated that, "[w]hen knowingly using a file-sharing program that allows others to access child pornography files, a defendant commits [distribution]."[7] In 2016, the Sentencing Commission amended the § 2G2.2(b)(3)(F) enhancement to include a knowledge element. U.S. SENTENCING GUIDELINES MANUAL supp. to app. C, amendment 801 (U.S. SENTENCING COMM'N 2018). The Defendant interprets this chain of events to imply a general rule that distribution must be committed knowingly in order for a court to consider it in calculating the Guidelines. Objection at 6-7.

However, neither Layton nor the history of the

---

though such knowledge might not be criminal by itself. Likewise, a defendant that does not accept responsibility or provide assistance to the Government has not necessarily committed criminal conduct by not doing so, but is still ineligible for § 3E1.1 acceptance of responsibility credit or a § 5K1.1 substantial assistance motion.

[7] The court notes that Layton did not focus on the "knowingly" requirement. Its explicit holding was that "use of a peer-to-peer file-sharing program constitutes 'distribution' for the purposes of U.S.S.G. § 2G2.2(b)(3)(F)." Layton, 564 F.3d at 335.

§ 2G2.2(b)(3)(F) reduction requires the court to read a "knowingly" requirement into §2G2.2(b)(1). For one, the two provisions cover different forms of conduct. Section 2G2.2(b)(3)(F) refers to distribution only, but § 2G2.2(b)(1) encompasses <u>any</u> conduct that goes beyond receipt or solicitation, such that the reduction is not invoked by a much broader set of conduct. For that reason, the court need not find that a defendant committed "distribution" per se in order to deny the § 2G2.2(b)(1) reduction; it is sufficient that child pornography was shared with other individuals. Further, when the Sentencing Commission inserted "knowingly" into § 2G2.2(b)(3)(F), it did not also incorporate a knowledge requirement into § 2G2.2(b)(1) or the generic distribution definition. Had the Commission wished to incorporate a knowledge requirement into § 2G2.2(b)(1), it could have done so then, but it did not.

### D. Intent of the Sentencing Commission

The Defendant's argument from the intent of the Sentencing Commission is likewise unconvincing. See Objection at 5. When the Commission wrote that "individuals convicted of receipt of child pornography with no intent to traffic or distribute the material essentially will have an adjusted offense level of level 20," it was referencing prong (C) of § 2G2.2(b)(1), which discusses intent to traffic or distribute. U.S. SENTENCING GUIDELINES MANUAL app. C, amendment 664 (Nov. 1, 2004) (U.S. SENTENCING COMM'N 2011). It could

not have meant that all individuals with no intent to traffic or distribute should receive the reduction, because that result would read element (B) out of the provision entirely. Indeed, the insertion of the word "essentially" serves to qualify the statement, likely for just this reason. An individual who was convicted of receipt of child pornography but did not intend to distribute it <u>will</u>, "essentially," receive the reduction – unless he <u>actually</u> shares or distributes it. See United States v. Ray, 704 F.3d 1307, 1313-14 (10th Cir. 2013) (finding that this statement in the Sentencing Commission's commentary "is true in general, but not when the defendant has actually distributed child pornography").

### E. Weight of Persuasive Authority

Finally, the weight of persuasive authority supports the court's conclusion that a defendant who unknowingly shares or distributes child pornography over BitTorrent is ineligible for the § 2G2.2(b)(1) reduction. In United States v. Bleau, the Second Circuit affirmed the sentencing court's denial of the two-level reduction at § 2G2.2(b)(1) where the defendant "[did] not dispute that his computer was equipped with peer-to-peer file-sharing software," and that software "enabled law enforcement to remotely gain access to his files and download child pornography from his computer." 930 F.3d 35, 39-40 (2d Cir. 2019). In so ruling, the court found that the conduct element, prong (B), and intent

12

element, prong (C), "are in the conjunctive," such that prong (B) did not consider the defendant's mental state regarding the distribution. Id.; see also Ray, 704 F.3d at 1313-14. Likewise, in United States v. Abbring, the Sixth Circuit found that the Defendant could not receive the § 2G2.2(b)(1) reduction even though he actively "tried to prevent any such sharing by moving files out of his shared folder and by interrupting active downloads." 788 F.3d 565, 568 (6th Cir. 2015). In so reasoning, the court observed that any transfer or sharing disqualifies a defendant from receiving the reduction, "even without regard to knowledge." Id.

## V. CONCLUSION

For the foregoing reasons, the court **OVERRULES** the Defendant's Objection to the PSR. In sum, the Defendant committed the offenses of receipt and possession of child pornography using a computer with a BitTorrent program installed that then enabled sharing of such files with other individuals. Specifically, BitTorrent is a peer-to-peer file-sharing protocol through which users can both download and share files, and which enabled law enforcement investigators and potentially others to download child pornography that the Defendant possessed on his computer. He is thus disqualified from receiving the two-level reduction at U.S.S.G. § 2G2.2(b)(1).

13

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the Defendant's counsel and to the United States Attorney at Norfolk. The court **DIRECTS** the Calendar Clerk to schedule a date to resume sentencing.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

January 21, 2020